IzCANNELLA, Judge.
Plaintiff, Eric Smith, appeals from this summary judgment granted in favor of defendant, Elmwood Medical Center (Elm-wood). For the reasons which follow, we find that the trial court erred in granting the summary judgment.
On October 14,1992, while working a security detail, plaintiff slipped and fell and hurt his back. Plaintiff summoned his supervisor, Alex Gerhold (Gerhold), who arrived at the scene and determined that plaintiff should be taken to the hospital. Plaintiff was assisted into the front seat of the Gerhold vehicle and driven to Elmwood. Upon arriving, Gerhold pulled up to the emergency room entrance. Gerhold left his vehicle and went inside to get emergency room personnel to assist plaintiff. An employee of Elmwood went to the Gerhold vehicle with a wheelchair and assisted plaintiff from the car into the wheelchair. The employee of Elmwood then told Gerhold to move his vehicle from the entrance of the emergency room. Gerhold moved around the vehicle to the | ^driver's door. The employee of Elmwood backed the wheelchair so he could close the passenger door, which he did. Gerhold entered the vehicle, started it and began to pull off. At that point, the rear bumper of the vehicle caught the wheelchair, pulling it and causing plaintiff to fall to the ground. Plaintiff contends that this incident aggravated his back injury.
On April 26, 1993, plaintiff filed suit, against his employer, Gerhold and Elmwood. Elmwood was voluntarily dismissed because of prematurity. On August 4, 1993, plaintiff then filed a complaint against Elmwood and the Patient’s Compensation Fund.
*1223 On September 29, 1993, Elmwood submitted its first set of discovery requests to plaintiff, asking for the names of any expert witnesses he intended to call in support of his claim. Plaintiffs response only included treating physicians.
On March 9, 1995, the Medical Review Panel rendered its opinion that “[t]he evidence does not support the conclusion that the defendant, ELMWOOD MEDICAL CENTER, failed to meet the applicable standard of care as charged in the complaint.” Thereafter, on April 20, 1995, plaintiff filed this suit against Elmwood. On June 27, 1995, Elmwood submitted a second request for written discovery from plaintiff. Again Elmwood asked plaintiff for the names of any expert witnesses he planned to call at trial to support the allegations that it violated the standard of care as alleged in his petition, as well as a brief description of the testimony plaintiff intended to elicit from the expert. Plaintiff did not respond. Two years later, on April 4, 1997, Elmwood reissued the identical discovery request. Plaintiff responded that he was in the process of identifying his expert witnesses.
|40n October 1, 1997, counsel for Elmwood notified plaintiff by letter that, if discovery was not supplemented within 15 days, Elm-wood would file a motion for summary judgment. On October 22,1997, Elmwood filed a “Motion for Summary Judgment or, in the Alternative, to Compel Answers to Interrogatories.” Therein, Elmwood contended that it was entitled to summary judgment because “plaintiff has failed to name any experts who will testify in support of plaintiffs allegations that Elmwood violated the standard of care for hospitals and there are no genuine issues of material fact concerning the liability of Elmwood.” In the alternative, Elmwood requested entry of an order compelling discovery.
Following the filing of the motion, plaintiff answered the discovery request with the name of an expert witness, Dr. Craig Griff-ing. Plaintiff further provided the curriculum vitae for Dr. Griffing and a brief statement of his expected testimony concerning the proper care and control in the transportation of patients from an emergency room receiving area. Plaintiff also attached a letter from Dr. Griffing, addressed to plaintiffs counsel, stating that since plaintiff was being attended to by an Elmwood employee, in an Elmwood wheelchair, at the time of the accident, then Elmwood was the responsible party-
The matter came for hearing on January 15, 1998. Elmwood took the position that plaintiffs information from Dr. Griffing was not in proper form to be considered on a motion for summary judgment. It was also argued that, even considering the information, Elmwood was still entitled to summary judgment since there was no expert affidavit regarding the standard of care or breach thereof. At the close of the hearing, plaintiffs counsel offered to submit Dr. Griffing’s statement in an affidavit form, if the trial court would leave the record ftopen. The trial judge responded: “Okay. I’ll get back with you all. I’ll review the matter.” On January 21, 1998, the trial judge signed a judgment, granting summary judgment in favor of Elmwood and dismissing plaintiffs claims against Elmwood. It is from this judgment that plaintiff appeals.
On appeal plaintiff argues that the trial court erred in indicating that it would leave the record open for filing of an affidavit, but then rendered judgment in less than a week, before the affidavit was filed. Plaintiff also argues that summary judgment was inappropriate because there are material issues of fact and Elmwood is not entitled to judgment as a matter of law.
Upon reviewing the record, briefs and applicable law, we find merit in both of plaintiffs arguments. Elmwood’s motion was in the alternative, a motion for summary judgment “or” a motion to compel discovery. Prior to the hearing on the motion, plaintiff complied with the discovery request, thus satisfying the motion to compel discovery. At this point the motion was concluded.
Nevertheless, at the hearing Elmwood argued that the information provided by plaintiff was not in proper form to defeat a motion for summary judgment, that is, the expert’s statement was not in affidavit form. Plaintiff countered that the information supplied did *1224 comply with the discovery articles and the discovery request. Plaintiff offered, if the trial court would leave the record open, to secure the same information in affidavit form and file it in the record. The trial court responded ambiguously that the matter would be reviewed and “I’ll get back with you all.” While we recognize that the decision to hold open a case for the production of additional evidence is within the sound discretion of the trial judge (Guilbeau v. Shelter Mut. Ins. Co., 549 So.2d 1250 (La.App. 3rd Cir.1989)), once it is indicated that the record will be left open for such evidence, the |6trial judge abuses his discretion in rendering judgment a few days later without notice to the parties of his intent to do so.
Elmwood contends that, even if the information provided in improper form by Dr. Griffing is considered in opposition to the motion for summary judgment, there are no material issues of fact and they are still entitled to judgment as a matter of law. We disagree.
A motion for summary judgment shall be granted if it shows that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. At this juncture of the case, as the record presently stands, we find that there are material issues of fact precluding summary judgment.
Elmwood has conceded, for the purpose of the summary judgment proceedings, that an Elmwood employee went out to the vehicle with an Elmwood wheelchair and assisted plaintiff into the wheelchair. The Elmwood employee then instructed Gerhold to move his vehicle from the emergency entrance driveway. Gerhold moved around the vehicle to the driver’s door. Plaintiff was left, at this point, in the sole control of the Elmwood employee. The Elmwood employee backed plaintiff up to close the passenger door. At that point, the wheelchair was struck by the vehicle as Gerhold drove off. Dr. Griffing indicated in his letter that it was his opinion that since plaintiff was in an Elmwood wheelchair, on Elmwood property, being attended by an Elmwood employee, that Elmwood was “the responsible party.” Based on the foregoing, we find that there are material issues of fact precluding summary judgment in favor of Elmwood as a matter of law.
Accordingly, for the reasons set out above, we reverse the trial court ruling |7granting the summary judgment, and remand the ease for further proceedings consistent with the views expressed herein. Costs of appeal are assessed against Elmwood.
REVERSED AND REMANDED.